## EWING v RHEINFRANK et

Ohio Common Pleas, Wood Co

No 27727.   Decided Dec 31, 1938

## OPINION

By CONN, J.

The defendants have interposed a motion to strike the petition of plaintiff from the files. The issues raised by the motion have been submitted to the court on the petition and briefs of counsel.

This action was brought for the purpose of enforcing the payment of a tax lien arising by reason of an alleged delinquency in the payment of taxes on certain lands in this county. The petition was filed on October 20th, 1938. It appears on the face of the petition that the delinquent tax lands described in the petition were certified by the county auditor of this county to the prosecuting attorney on November 12th, 1935. The action was brought under favor of §5718-3 GC. The statute expressly provides that an action of this character must be brought within nine months after the certification by the county auditor of the delinquent land tax list.

The petition discloses that this action was not brought within the nine months limitation fixed in the statute. It is the contention of defendants that the prosecuting attorney had no power or jurisdiction to bring this action, except within the nine months limitation. It is pointed out by the defendants that the language of the statute is mandatory and that the mandatory purpose of the statute is confirmed by the provisions of §5722 GC wherein it is provided that if suit is not brought within nine months such action shall be thereafter instituted by the auditor of the state. Both sections of the Code are in mandatory form.

The plaintiff contends that the language of the statute is directory and not mandatory or jurisdictional. To determine the issues thus squarely raised it becomes necessary to construe and apply the language found in the sections of the Code above cited in relation to all other provisions of the Code touching the duties of public officials, as to the procedure in dealing with delinquent taxes on lands. It is also pertinent to consider the rule of construction which obtains in this state, relative to mandatory or directory language found in the statutes, in prescribing the duties of public officials.

The particular issue raised by the defendants' motion does not appear to have been determined in any reported case in Ohio. In the brief of plaintiff, however, it is stated that the issue now presented has been before several courts of the state and determined adversely to the contention of defendants.

May the language of the statutes be considered as directory only even though the Legislature in prescribing the duty of the prosecuting attorney of a given county used language mandatory in form. It is well known that the word "may", may be considered as mandatory and "shall" as merely permissive. Whether a statute is mandatory or directory is to be ascertained from the provisions of the entire act, its nature, its object and the consequence of what may result from construing it one way or the other. 59 S. J. 1072.

Provisions as to time limitations, imposed with a view to the proper and orderly conduct of official duties, are generally regarded as directory and not mandatory. Where statutes relate to the manner or time in which power or jurisdiction, vested in a public official, is to be exercised, and not to the limits of the power itself, they

672

may be considered as directory, unless such provisions are accompanied by negative words importing that the act required was not to be performed in any other manner or time than as designated. See **Vol. 32 O. Jur. page 938, §76** and cases cited.

There are numerous cases in Ohio dealing with issues analogous to those now before the court. We call attention to the case of **Shick v Cincinnati, 116 Oh St page 16**, where the court followed the case of **Smith v Barnell, 109 Oh St 246**, in construing §2839 GC. This section contained a ten day limitation in the confirmation of a street improvement, within which the mayor or solicitor should have written application to the Court of Common Pleas to summon a jury to assess the amount of damages. The court held that the mandatory language of the statute may be considered as directory only. In this instance the statute contained no negative words importing that the Act required to be done should not be done in any other manner or time than that designated. See also **Richter v Anderson, 56 Oh Ap 291. State ex v Board of Education, 127 Oh St 336, 37 O. Juris. 330, §33.**

From the authorities above cited and others we have examined, it appears to be pretty well settled in this state that the construction of both mandatory and directory statutory provisions does not depend wholly on the form of the ▮▮ language, but also on the intention of the Legislature which intention is to be ascertained from a consideration of the entire act, its nature, its character, its reason, its object and its subject matter, as well as the language used. See **Vol. 37 Ohio Juris. Chapter 5 Mandatory and Directory Acts. Statutes, §§26 to 42** and cases cited.

Statutes imposing taxes or containing provisions relative to their collection and the enforcement of payments should be strictly construed in favor of the person upon whom the burden of taxation rests or against whom it is sought to be imposed. However, this rule of construction is ▮▮ hardly applicable in the instant case for the reason that the taxpayer is seeking to have it imposed under circumstances which would be somewhat beneficial to him. In other words, the taxpayer is not here complaining that some additional burden is about to be imposed upon him and which is sought to be accompanied by means of a liberal construction of the statute.

As pointed out in the brief of counsel for plaintiff, the delay in bringing an action of this character, that is to say, the fact that such action is not brought within the nine months limitation, would be less onerous and oppressive to the taxpayer than if the rule of strict construction were applied and the language held to be mandatory instead of directory.

The court takes judicial notice of the fact that for a number of years taxpayers have borne the burden of taxation with much distress and hopelessness and that public officials have given much consideration to ways and means of ▮▮ ameliorating their burdens. In the performance of their duties, public officials have avoided oppressive measures in all those cases where leniency would tend to aid the debtor and at the same time would not prejudice the public interest.

Counsel for plaintiff has furnished the court with statistics showing the number of delinquent tax lands ready for certification in Wood County, in the years 1934, 1935 and 1936, and it is quite clear that the strict application of the statute, in respect to the time limit within which to bring suits after certification by the auditor, would have presented not only an impossible situation from the standpoint of the work imposed upon the prosecuting attorney's office, but would have imposed a great hardship upon the delinquent taxpayers of this county. Furthermore, the foreclosure of these delinquent tax lands, and their forced sale, would have harmfully depressed real estate values in this county.

In view of the foregoing considerations, we conclude that the statute is directory only, and that the motion of ▮▮ defendants is not well taken. An entry may be prepared accordingly, saving exceptions.